**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 1, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

CHRISTOPHER SCOTT SMITH,

　　Defendant - Appellant.

No. 21-5057
(D.C. No. 4:20-CR-00298-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

A federal grand jury in the Northern District of Oklahoma indicted Christopher Smith on a single count of possession of methamphetamine with intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C). Smith entered a conditional plea of guilty, reserving his right to appeal the denial of his motion to suppress. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND[1]

Smith was riding his bicycle near 58th Street and Peoria Avenue in Tulsa, Oklahoma when Officer Kenneth Stewart of the Tulsa Police Department stopped him. Smith was travelling northbound on Peoria on the right side of the street. Because there were obstructions in his path, he moved from the right-hand side of the street to the left-hand side of the street, crossing four traffic lanes. He did not signal before this maneuver.

After stopping Smith, Officer Stewart ran a records check showing an active arrest warrant from the Muscogee (Creek) Nation. Officer Stewart asked Smith if he had anything illegal on him. Smith responded: "Yes, I have a pipe in my pocket." R. vol. 2 at 13 (internal quotation marks omitted). After asking Smith to step off the bicycle, Officer Stewart removed a pipe with a white crystalline substance inside it. He then removed some backpacks Smith was carrying and gave them to Sergeant Joshua Goldstein, who had arrived on the scene. Officer Goldstein searched the backpacks and found a container with 26.77 grams of a substance that tested presumptive positive for methamphetamine, a set of digital scales, and several empty plastic baggies. The officers arrested Smith, leading to his federal indictment.

Smith filed a motion "to suppress all evidence seized, whether tangible or intangible, which were the fruits of the seizure and search." R. vol. 1 at 26. In his

---

[1] This factual summary comes from the findings of the district court, none of which Smith challenges as clearly erroneous. *See United States v. Loera*, 923 F.3d 907, 914 (10th Cir. 2019).

motion, Smith challenged the legality of the initial stop and the subsequent search of his backpacks.  The government filed a response, and the court held a hearing at which Smith, Officer Stewart, and Sergeant Goldstein testified.  The court also considered Officer Stewart's bodycam video, the outstanding bench warrant, the Tulsa Police Department's written "personal searches" policy, and the arrest report.  The court denied Smith's motion, concluding that Officer Stewart had reasonable suspicion for the stop and that the search of the backpacks was valid as incident to Smith's arrest.

Alternatively, the court concluded the inevitable discovery doctrine precluded suppression—even if the roadside search was illegal, the police would have found the items when conducting an inventory of Smith's property after they arrested him.  *See United States v. Cunningham*, 413 F.3d 1199, 1203 (10th Cir. 2005) ("The inevitable discovery doctrine provides an exception to the exclusionary rule[] and permits evidence to be admitted if an independent, lawful police investigation inevitably would have discovered it." (citations and internal quotation marks omitted)).  This appeal followed.

## DISCUSSION

When reviewing a "denial of a motion to suppress, we view the evidence in the light most favorable to the government and accept the district court's factual findings unless they are clearly erroneous, but the ultimate question of reasonableness under the Fourth Amendment is a legal conclusion that we review de novo." *United States v. Loera*, 923 F.3d 907, 914 (10th Cir. 2019) (brackets, citation, and internal

3

quotation marks omitted).  The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  "A traffic stop is a seizure within the meaning of the Fourth Amendment, even though the purpose of the stop is limited and the resulting detention quite brief."  *United States v. Botero-Ospina*, 71 F.3d 783, 786 (10th Cir. 1995) (internal quotation marks omitted).  Because "[a]n ordinary traffic stop is . . . more analogous to an investigative detention than a custodial arrest," however, "[w]e . . . analyze such stops under the principles pertaining to investigative detentions set forth in *Terry v. Ohio*, 392 U.S. 1 (1968)."  *Id.* (parallel citations omitted).  "To determine the reasonableness of an investigative detention, we make a dual inquiry, asking first whether the officer's action was justified at its inception, and second whether it was reasonably related in scope to the circumstances which justified the interference in the first place."  *Id.* (internal quotation marks omitted).

We agree with the district court that the stop was justified at its inception because Officer Stewart observed Smith change lanes without signaling his intent to do so.  This action constitutes a potential violation of Okla. Stat. tit. 47, § 11-604(A) and chapter 10, § 640(B) of the Tulsa Revised Traffic Code.  Both the Oklahoma Highway Safety Code and the Tulsa Traffic Code apply to bicyclists on public roadways.  *See* Okla. Stat. tit. 47, § 11-1202; Tulsa Revised Traffic Code ch. 10, § 1000.  Smith argues that Officer Stewart made no mention of the failure to signal in his police report, did not mention the failure to signal during the stop, and did not

issue a citation for failure to signal.[2]  But "[w]hether reasonable suspicion exists is an objective inquiry determined by the totality of the circumstances, and an officer's subjective motivation for the stop plays no role in ordinary reasonable suspicion Fourth Amendment analysis."  *United States v. Salas*, 756 F.3d 1196, 1201 (10th Cir. 2014) (brackets and internal quotation marks omitted).

Smith also argues the records check was inconsistent with the purpose for the stop, but "[t]his court has routinely permitted officers to conduct criminal-history checks during traffic stops in the interest of officer safety."  *United States v. Mayville*, 955 F.3d 825, 830 (10th Cir. 2020).  Relatedly, Smith asserts Officer Stewart unreasonably prolonged the stop by asking Smith if he was carrying anything illegal.  In support of this argument, he cites *United States v. Digiovanni*, 650 F.3d 498, 509–13 (4th Cir. 2011), in which the Fourth Circuit held an officer impermissibly extended the scope of a traffic stop by engaging in a lengthy investigation of potential drug trafficking unsupported by reasonable suspicion.

Unlike in *Digiovanni*, however, by the time Officer Stewart asked Smith whether he was carrying anything illegal on him, he had already discovered the outstanding arrest warrant.  The record thus belies Smith's assertion that, at that point, the mission of the traffic stop was still limited to issuing a citation for failure

---

[2] Although Officer Stewart's arrest report refers to the penalty section of the Oklahoma Highway Safety Code for bicycle violations, *see* R. vol. 1 at 22, and explains that Officer Stewart observed Smith "ride a bicycle across four lanes of traffic" and that he then "conducted a pedestrian stop on the subject for the bicycle violations," *id.* at 23, the report does not specify what traffic laws Smith allegedly violated on his bicycle.

to signal. And Smith offers no basis to conclude that this single question—which elicited an affirmative answer and the discovery of drug paraphernalia—meaningfully extended the scope or duration of the stop.

Finally, Smith challenges the district court's application of the search-incident-to-arrest exception to the warrant requirement to the search of his backpacks. But we need not consider this challenge because the district court also denied the suppression motion on the basis of inevitable discovery. "If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling." *Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020). Smith does not challenge the inevitable-discovery ground for the district court's ruling, so we affirm the denial of the motion to suppress on this ground.

## CONCLUSION

We affirm the denial of the motion to suppress.

Entered for the Court

Nancy L. Moritz
Circuit Judge

6